IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FLORINE WILSON                                                                          PLAINTIFF

v.                                                                  CIVIL ACTION NO. 4:25-CV-40-SA-DAS

WALMART SUPER CENTER                                                                   DEFENDANT

ORDER AND MEMORANDUM OPINION

On January 27, 2025, Florine Wilson, who is proceeding *pro se*, initiated this litigation by filing her Complaint [2] against Walmart in the Circuit Court of Washington County, Mississippi. Walmart timely removed the case to this Court. *See* [1]. Now before the Court is Walmart's Motion for Summary Judgment [34]. Wilson has not responded in opposition, and her time to do so has long passed. *See* L. U. Civ. R. 7(b)(4). The Court is prepared to rule.

*Factual and Procedural Background*

This is a premises liability case. Wilson contends that, on January 25, 2023, while shopping at Walmart in Greenville, Mississippi, she cut her finger while reaching for a bag of charcoal. The factual allegations provided in her Complaint [2] are as follows:

> The basis of claim is general negligence and premises liability. The exposure of mold, blood, and germs made contact with bacteria with glass cutting into the plaintiff's hand while trying to buy a bag of charcoal[] stocked on the shelf in garden center at Walmart Super Center. . . [R]ash appear[ed] on my left foot after the incident. The rash will not go away. The rash is irritating.

[2] at p. 1.

Wilson also attached to her Complaint [2] email correspondence she had with "Walmart Claims Services" regarding the incident. In one of the emails, Wilson provided the following description of the event that led to her injury:

> A contaminated bag of Expert Grill Instant Light Charcoal Briquets was on the shelf for sale in the Garden Center filled with broken glass covered with something slimy which appeared to include brownish red blood, bacteria, germs, and mold causing it to be dangerous. I was informed by a Walmart employee that it was a safety hazard, making the Walmart Super Center in Greenville, MS totally responsible for the incident. The cameras can show you that the shelves are stocked and the contaminated product was hidden and not visible. Pieces of the glass cut my hand index finger.

[2] at p. 29.

In her deposition, Wilson testified that when she grabbed the bag of charcoal, glass got stuck in her finger and caused her to bleed. She testified that she immediately began to cry and when she pulled out the bag to examine it, "all of this gooey stuff [was] coming from the side." [34], Ex. 1 at p. 34. She stated that she immediately reported the incident to Walmart personnel, and an incident report was created.

Wilson further testified that she cleaned the cut and surrounding area and applied pressure to stop the bleeding. When describing her injury, she stated "I got lacerated with an unknown substance on the bag that carries germs and bacteria, and it could cause internal injuries[.]" *Id*. at p. 16. In the one-page Complaint [2], Wilson requests damages from Walmart in the amount of $1.8 million.

Through the present Motion [34], Walmart raises multiple arguments to support its request for summary judgment—specifically, it contends that Wilson has no proof of the existence of a dangerous condition; that she cannot establish that it had sufficient knowledge of the alleged dangerous condition; and that, even if she could establish the elements of a premises liability claim, there is no causal link between the incident and her alleged damages. As noted previously, Wilson has not responded to Walmart's Motion [34]. However, because the Motion [34] is potentially

dispositive, the Court will not grant it as unopposed but will instead consider it without the benefit of a response. *See* L. U. CIV. R. 7(b)(3)(E).

*Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, 2019 WL 2617240, at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id*. (quoting *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548). Importantly, "the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion." *Waste Management of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). However, "[c]onclusory allegations, speculation, unsubstantiated assertions, and legalist arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Nabors*, 2019 WL 2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)) (additional citations omitted).

*Analysis and Discussion*

At the outset, the Court notes that Mississippi substantive law is applicable since federal jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332. *See*, *e.g.*, *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019) (citing *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965)) ("The *Erie* line of authorities holds that substantive state law must be applied in federal courts in diversity cases[.]").

Although Wilson's Complaint [2] characterizes her claims as separate general negligence and premises liability claims, the Mississippi Supreme Court has held that a claim alleging an injury caused by a condition or activity on a landowner's premises is properly analyzed as one of pure premises liability. *See Doe v. Jameson Inn, Inc.*, 56 So. 3d 549, 553 (Miss. 2011) ("Since premises liability is a theory of negligence that establishes the duty owed to someone injured on a landowner's premises as a result of 'conditions or activities' on the land, we find the trial court properly treated the [plaintiffs'] claim as one of pure premises liability."); *see also Thompson v. Pass Christian Pub. Sch. Dist.*, 758 F. Supp. 3d 594, 603-04 (S.D. Miss. 2024) (quoting *Babin v. Wendelta Inc.*, 368 So. 3d 363, 369 (Miss. Ct. App. 2023)) ("Premises liability is a theory of negligence that establishes the duty owed to someone injured on a landowner's premises as a result of conditions or activities on the land.") (additional citation omitted). Therefore, since Wilson alleges that she was injured by a dangerous condition at Walmart, her allegations are properly analyzed solely under a premises liability theory. *Thompson*, 758 F. Supp. 3d at 604 ("For example, when a plaintiff is injured by a property owner's employees, there is no premises liability claim but a basic negligence claim. However, when a plaintiff is injured by a third party on the premises, *or by activities occurring on the premises*, the claim is one for premises liability.") (internal and additional citations omitted; emphasis added).

4

Under Mississippi law, "[a] business owner owes a duty to an invitee to keep its premises in a reasonably safe condition and to warn the invitee of dangerous conditions that are not readily apparent." *Clinton Healthcare, LLC v. Atkinson*, 294 So. 3d 66, 71 (Miss. 2019) (citing *Drennan v. Kroger Co.*, 672 So. 2d 1168, 1170 (Miss. 1996)); *see also Haggard v. Wal-Mart Stores, Inc.*, 75 So. 3d 1120, 1125 (Miss. Ct. App. 2011). "However, business owners are not insurers against all injuries." *Bonner v. Imperial Palace of Miss., LLC*, 117 So. 3d 678, 682 (Miss. Ct. App. 2013) (citing *Munford, Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss. 1992)).

To succeed on a premises liability claim, a plaintiff must show: "(1) a negligent act by the defendant caused the plaintiff's injury; or, (2) that the defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant." *Walz v. HWCC-Tunica, Inc.*, 186 So. 3d 375, 377 (Miss. Ct. App. 2016) (quoting *Byrne v. Wal-Mart Stores Inc.*, 877 So. 2d 462, 465 (Miss. Ct. App. 2003)). Because Wilson has not responded to Walmart's Motion [34] or otherwise meaningfully participated in this litigation, it is unclear which of these three avenues she intends to pursue. The Court will therefore address each of them.

"Under the first theory of recovery, a plaintiff may recover . . . if 'a negligent act of the defendant caused her injury.'" *Haggard*, 75 So. 3d at 1125 (quoting *Rod v. Home Depot USA*, Inc., 931 So. 2d 692, 694 (Miss. Ct. App. 2006)).

Here, there is no evidence whatsoever to indicate that Walmart or any of its employees was responsible for the existence of the alleged dangerous condition—glass on the bag of charcoal. For instance, Wilson testified that she did not see any specific Walmart employee place the charcoal on the shelf on the date in question nor did she know if a customer placed it there. *See* [34], Ex. 1 at p. 42. Further, there were no Walmart employees in the immediate area when the injury

5

occurred, as Wilson testified that the nearest employee was in the pet department which was separate from the garden department where the incident occurred. *Id*. at p. 35.

In other words, there is no evidence in the record to establish negligence committed by Walmart or any of its employees.

"Under the second theory of premises liability, a plaintiff may recover . . . if 'the defendant had actual knowledge of the dangerous condition, but failed to warn the plaintiff.'" *Haggard*, 75 So. 3d at 1125 (quoting *Rod*, 931 So. 2d at 694). Critically, Wilson must show *actual* knowledge to prevail on this theory. *Walker v. Cellular South Inc.*, 309 So. 3d 16, 27 (Miss. Ct. App. 2020) (citing *Haggard*, 75 So. 3d at 1125).

As Walmart emphasizes in its Memorandum [35], Wilson has come forward with no proof that Walmart or any of its employees had actual knowledge of the glass on the bag of charcoal prior to the incident. Her deposition is devoid of any such testimony. And, as noted previously, she has not responded to the pending Motion [34]. Thus, there is no evidence whatsoever in the record to indicate that Walmart had actual knowledge of the alleged dangerous condition.

The third theory of premises liability—constructive knowledge—"is established where the condition is shown to have existed for such a length of time that the operator, through the exercise of reasonable care, should have known of its existence." *Hearn v. Square Prop. Inv., Inc.*, 297 So. 3d 292, 296 (Miss. Ct. App. 2020) (quoting *Haggard*, 75 So. 3d at 1125). "[T]he court will not indulge in presumptions for the deficiencies in plaintiff's evidence as to the length of time the hazard existed; therefore, the plaintiff must produce admissible evidence as to the time period in order to establish the operator's constructive knowledge." *Id.* (quoting *Haggard*, 75 So.3d at 1126). "The plaintiff must present *specific* proof as to the relevant actual length of time." *Id.* (quoting *Haggard*, 75 So. 3d at 1126) (emphasis added).

Yet again, Wilson's admissions in her deposition are fatal to her ability to recover. When asked about the length of time that the bag of charcoal had been in the condition in which she found it, Wilson testified that "[i]t looked like it had been there awhile." [34], Ex. 1 at p. 42. She went on to speculate that the glass had been there for multiple months. *See id*. at p. 44. However, she eventually admitted that this statement was only an estimate for which she lacked objective proof:

> Q. Do you have -- I'm not asking you if -- how can you or whatnot. Do you have video proof? Yes or no?
>
> A. I saw them putting [charcoal] up there in September.
>
> Q. Do you --
>
> A. That's the last time I saw them putting out charcoal.
>
> Q. Do you know if this was --
>
> A. Now, that's actually when I saw it.
>
> Q. Yes, ma'am. But do you know if this was this bag of charcoal?
>
> A. But I didn't know I was gonna get hurt off it. It was back in September.
>
> Q. Yes, ma'am.
>
> A. Since you want to ask me and try to establish the case that the charcoal hadn't been there that long, that's when they stopped selling charcoal, during September, the Memorial [sic] holiday.
>
> Q. How do you know --
>
> A. And it's been there since then.
>
> . . .
>
> Q. How do you know that it was this bag of charcoal that had been there since September?

A.      Because they stocked -- because that's when charcoal slow down from sales. And I'm going to estimate that it had been there --

Q.      So that's an estimate. Okay.

A.      *It's an estimate that it had been there since September.*

. . .

Q.      But you don't have any objective proof? You don't have video proof?

A.      That's the way it look[ed] to me. It had been there that long.

Q.      You do not have video proof of when it got there?

A.      Only from my own visual.

Q.      Okay. You don't have any photographs?

A.      I don't go to Walmart to take photographs.

Q.      I'm just asking you if you have any objective proof.

A.      It's my own visual from looking at it. That's what it looked like.

Q.      In your opinion?

A.      *In my opinion.*

*Id*. (emphasis added).

Although Wilson testified as to her subjective belief that the charcoal with glass on it had been on the Walmart shelf for months, she ultimately admitted that she had no proof to support that speculation. This is simply insufficient to preclude summary judgment. As noted previously, the onus is on the plaintiff to "produce admissible evidence as to the time period in order to establish the operator's constructive knowledge." *Hearn*, 297 So. 3d at 296. Wilson's testimony that she saw a Walmart employee placing *a* bag of charcoal (which she could not confirm was the

8

same bag) months earlier does not rise to that requisite threshold. She has not presented *specific* proof as to the relevant length of time that the alleged dangerous condition had been present. *See Haggard*, 75 So. 3d at 1126 ("The plaintiff must present specific proof as to the relevant actual length of time.").

In sum, there is no competent summary judgment evidence in the record to establish the amount of time that the alleged dangerous condition had been present. Wilson cannot prevail on a constructive knowledge theory.

Ultimately, under Mississippi law "property owners are not strictly liable for injuries occurring on the premises, nor are they insurers of their invitees' safety." *Georgen v. Estate of Brown-Barrett*, 406 So. 3d 25, 29 n. 4 (Miss. Ct. App. 2024) (quoting *McCullar v. Boyd Tunica Inc.*, 50 So. 3d 1009, 1012 (Miss. Ct. App. 2010)). Imposing liability on this record would essentially create a strict liability standard. Wilson's subjective belief that the alleged dangerous condition had existed for a significant length of time amounts to nothing more than mere speculation. And she has come forward with no other evidence to support her claim. She cannot survive summary judgment simply based on speculative assertions and conclusory allegations. *See Nabors*, 2019 WL 2617240 at *1.[1]

Summary judgment in Walmart's favor is appropriate.[2]

---

[1] Walmart also argued that Wilson cannot prevail because she cannot establish causation between her alleged injuries and any purported negligence. Because the Court concludes that Wilson cannot prevail from a liability standpoint, it need not address causation pertaining to her purported damages.

[2] Although it "has no duty to survey the entire record in search of evidence to support a non-movant's position," the Court, in reaching its conclusion, has reviewed the entire record, including Wilson's deposition transcript, and endeavored to construe all evidence in her favor. *Head v. Smith*, 2021 WL 4168390, at *2 (E.D. La. Sept. 14, 2021) (citation omitted).

*Conclusion*

Walmart's Motion for Summary Judgment [34] is GRANTED. Wilson's claims are hereby DISMISSED *with prejudice*. A separate Judgment will issue this day.

SO ORDERED, this the 24th day of June, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE